UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SJ MEDCONNECT, INC.,

          Plaintiff,

    v.

DANIEL BOICE,

          Defendant.

Case No.: 3:20cv903

## SUPPLEMENTAL MOTION FOR ATTORNEYS' FEES AND RENEWED REQUESTS FOR COSTS

Pursuant to the Court's order of September 14, 2022, plaintiff SJ Medconnect, Inc. d/b/a Thalamus ("Thalamus"), by and through its undersigned counsel, respectfully submits this supplemental motion under Rule 54 of the Federal Rules of Civil Procedure (the "Federal Rules"), the Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq*. ("DTSA"), and the Florida Trade Secrets Act, Fla. Stat. § 688.001 *et seq*. ("FTSA"), for the Court to enter an Order: (a) affirming Thalamus's entitlement to attorney's fees and awarding it attorney's fees in the amount of $264,091.25; and (b) awarding Thalamus costs in the amount of $35,243.00.

Thalamus's Motion is based on the pleadings on file in this matter and any other evidence or argument the Court may consider.

## I.   MEMORANDUM OF LAW

This matter is straightforward and it is beyond dispute that Thalamus is entitled to recover its attorney's fees and costs in this action.

### A.   Legal Standard

Rule 54 of the Federal Rules provides that attorney's fees may be recovered by motion, made within 14 days after the entry of judgment, specifying the judgment and the statute, rule, or other grounds entitling the moving party to fees, an estimate of the fees sought, and disclosure of the terms of any fee agreement if ordered by the Court.  FRCP 54(B).

Rule 54 also provides that the procedure may be modified by local rules, and Local Rule 7.01 creates a bifurcated procedure for recovery of attorney's fees.  A party seeking an award of attorney's fees must first move the court for an order establishing entitlement to fees.  Local Rule 7.01(b).  Then, within 45 days of any such order, the party seeking fees must file a supplemental motion relating to the amount of fees requested.  Local Rule 7.901(c).

Thalamus filed its original motion for fees, on which the court deferred its decision and requested that Thalamus submit its supplemental briefing.

In addition, Rule 54 provides that costs other than attorney's fees should be allowed to the prevailing party.  Thalamus also submitted a request for fees, which the Court denied without prejudice to Thalamus's right to make a renewed request in conjunction with its supplemental attorney's fee motion.

2

**B.    Attorney's Fees**

**1)    Thalamus Is Entitled To Attorney's Fees Under The DTSA and the FTSA**

The DTSA provides that the Court may, "if . . . the trade secret was willfully and maliciously misappropriated, award reasonable attorney's fees to the prevailing party."   18 U.S.C. § 1836(b)(3)(D).   Thus, a party seeking attorney's fees under the DTSA must show (1) that it is the prevailing party and (2) that the trade secret at issue was willfully and maliciously misappropriated.  *Id*.

Here, the default judgment entered in favor of Thalamus adopted the findings of the magistrate's Report and Recommendation, which expressly found that the trade secrets were willfully and maliciously misappropriated. *See* Order (Docket No. 89), Item 1; and Report and Recommendation (Docket No. 88), at p. 12.   Indeed, the Court adopted the recommendation to award exemplary damages on that basis.  *Id*.  Thus, Thalamus meets the requirement that the trade secret at issue was willfully and maliciously misappropriated.

Thalamus is also the prevailing party.  Most federal fee statutes allow a court to award fees to the "prevailing party."  *Buckhannon Bd. And Care Home, Inc. v. W.V. Dept. of Health and Human Res.,* 532 U.S. 598, 602-603 (2001).  Federal courts have interpreted these fee-shifting provisions to define the prevailing party consistently as the party granted relief by the court.  *Id*. at

603-04 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433, n. 7 (1983).

Here, Thalamus was not only granted relief, it was granted all of the relief sought, including compensatory damages of $232,500.09, exemplary damages of $51,048.00, a permanent injunction, rescission of the RSPA, and cancellation of the Thalamus shares issued under the RSPA.  *See* Order (Docket No. 89).  Thalamus was therefore the prevailing party.

Similarly, the FTSA provides, "[i]f . . . willful and malicious misappropriation exists, the court may award reasonable attorney's fees to the prevailing party."  Fla. Stat. § 688.005.  Again, this Court expressly found that Boice's misappropriation was willful and malicious, satisfying the first criterion for recovery off attorney's fees under FTSA.  *See* Order (Docket No. 89), Item 1; and Report and Recommendation (Docket No. 88), at p. 12.

Thalamus is also the prevailing party as interpreted by Florida courts. "[T]he party prevailing on the significant issues in the litigation is the party that should be considered the prevailing party for attorney's fees." *Moritz v. Hoyt Enters., Inc.,* 604 So.2d 807, 810 (Fla.1992). The prevailing party is the party who has affirmative judgment rendered in its favor at the conclusion of the case. *Tubbs v. Mechanik Nuccio Hearne & Wester, P.A.*, 125 So. 3d 1034, 1043 (Fla. Dist. Ct. App. 2013) (citing *Sharpe v. Ceco Corp.*, 242 So.2d 464, 465 (Fla. 3d DCA 1970)).  Thalamus obtained a judgment on the majority of the counts alleged against Boice, with remainder seeking relief duplicative of other

4

counts, rendering them moot.  Further, Thalamus obtained all relief it sought in the suit.  *See* Order (Docket No. 89).

Both the DTSA and the FTSA provide that attorney's fees be awarded to the prevailing party if the trade secret misappropriation was willful and malicious.  Here, the Court entered an order in Thalamus's favor, granting it the relief sought, and expressly finding that the trade secret misappropriation was willful and malicious.  Accordingly, an award of attorney's fees is appropriate.

### 2) Thalamus's Request For Fees In the Amount of $264,091.25 Is Reasonable And Should Be Awarded

The DTSA empowers the Court to award "reasonable" attorney's fees to the prevailing party.  18 U.S.C. § 1836(b)(3)(D).  The amount of a reasonable attorney fee is "committed to the sound discretion of a trial judge." *Perdue v. Kenny A. ex rel. Winn*, 559 US 542, 558 (2010). The attorney's fees currently requested by Thalamus are reasonable, and should be awarded in their entirety.

Case law construing what is a "reasonable" fee applies uniformly to all federal fee-shifting statutes, as well as to fee awards mandated by state law. *See City of Burlington v. Dague*, 505 US 557, 561 (1992).  The number of hours reasonably expended on a matter includes time spent drafting and revising pleadings, meeting with clients, preparing the case for trial and handling an

appeal (if any).  *See Hensley v. Eckerhart*, 461 US 424, 430 (1983).

To establish the hours worked by each attorney at a firm, the party seeking attorney's fees must provide a fully detailed itemization of the date, hours and nature of the work performed.  *See In re Washington Pub. Power Supply System Secur. Litig.*, 19 F3d 1291, 1305-1306 (9th Cir. 1994).  Such disclosure does not violate attorney-client privilege.  *See Avgoustis v. Shinseki*, 639 F3d 1340, 1344-1345 (Fed. Cir. 2011).  Thus, in support of its request, Thalamus submits its detailed, itemized attorney invoices.  Declaration of Dhaivat H. Shah ("Shah Decl.") Ex. A; Declaration of Ryan Santurri ("Santurri Decl.") Ex. A.  These contemporaneous records provide specific descriptions of attorney activities in this case and demonstrate that the attorney time spent was reasonable and necessary for the prosecution of this matter.

The rates charged by Thalamus's attorneys are also reasonable.  On the issue of a reasonable rate, courts usually consider the prevailing rate charged by attorneys of similar skill and experience for comparable legal services in the community; the nature of the work performed; and the attorney's customary fee.  *See Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc.*, 253 F3d 1332, 1337 (11th Cir. 2001) (agreed-upon billing rate is strong indication of reasonable rate).  The appropriate rate is generally the market rate in the community where the case is litigated.  *See Roberts v. City & County of Honolulu*, 938 F3d 1020, 1024-1025 (9th Cir. 2019) (attorney's affidavit referred to his hourly rates

in San Diego, his regular location of practice, rather than in Hawaii, the forum).  The court may also find it necessary to use different rates for different attorneys.  *See Sorenson v. Mink*, 239 F3d 1140, 1149 (9th Cir. 2001) (rates submitted varied from $150 to $350 per hour).

Thalamus's attorneys have submitted declarations attesting to their education, experience, and reasonable customary rates in the geographical area in which they practice.  Shah Decl. ¶¶ 7-10; Santurri Decl. ¶¶ 7-9.  The reasonableness of these rates is supporting by comparison to the Fitzpatrick Matrix, an official source of attorney rates based in the District of Columbia area which can be adjusted for geographic differences by using the same locality pay differential employed by federal courts in setting judiciary salaries.  Shah Decl. ¶ 11.  The following table summarizes the Fitzpatrick Matrix for the Baltimore-Washington, DC-Arlington area and the calculated, geographically-adjusted rates for the San Jose-San Francisco-Oakland area and the Miami-Fort-Lauderdale-Port St. Lucie area, for the relevant years of experience of the Grellas Shah attorneys working on this matter.  Shah Decl. ¶ 19.

| Years Experience | Baltimore-Washington DC-Arlington Hourly Rate | San Jose-San Francisco-Oakland Hourly Rate | Miami-Ft. Lauderdale-Port St. Lucie | Grellas Shah |
|---|---|---|---|---|
| 23 | $714.00 | $794.04 | $658.81 | $650-750 |
| 16 | $656.00 | $729.54 | $605.29 | $475-650 |
| 13 | $625.00 | $695.06 | $576.69 | $500.00 |
| 9 | $576.00 | $640.57 | $531.48 | $350.00 |

The table indicates that Grellas Shah's standard billing rates for the attorneys working on this matter are within the scope of what the Department of Justice considers reasonable for attorneys with this level of experience, and for the most part are actually *less* than the DOJ reasonable rates.  The case is similar for the Florida-based Allen Dyer attorneys.

| Years Experience | Baltimore-Washington DC-Arlington Hourly Rate | Miami-Ft. Lauderdale-Port St. Lucie | Allen Dyer |
|---|---|---|---|
| 17 | $666.00 | $614.51 | $425 |
| 18 | $675.00 | $622.82 | $425-475 |

Shah Decl. ¶ 21.

The rates charged by Thalamus's attorneys are reasonable, and the time spent handling this matter is reasonable and sufficiently documented by invoices submitted in support of this motion.  Accordingly, the Court should award Thalamus its attorney's fees in the amount of $264,091.25.

## C.    Costs

### 1)    Thalamus Is Entitle To Recover Its Costs Under Rule 54

Unless a federal statute, the Federal Rules of Civil Procedure, or a court order otherwise provides, costs other than attorney fees "should be allowed to the prevailing party." Fed. R. Civ. P. Rule 54(d)(1); *see also Marx v. General Revenue Corp.* (2013) 568 US 371, 373, 376-377 (2013).

As with the DTSA and the FTSA, Thalamus is the prevailing party for purposes of an award of costs.

Under Rule 54, the prevailing party for costs award purposes is the party who prevails on a substantial part of the litigation. *See Testa v. Village of Mundelein, Ill.*, 89 F3d 443, 447 (7th Cir. 1996).  Complete success is not required; in fact, a party need to prevail on every issue, or even the central issue in the case, to be considered the prevailing party.  The prevailing party is the one in whose favor judgment is rendered, regardless of the amount of damages awarded.  *See Barber v. T.D. Williamson, Inc*., 254 F3d 1223, 1233-1234 (10th Cir. 2001) (plaintiff awarded $1 in damages was prevailing party).

Judgment was entered in Thalamus's favor, and Thalamus was granted all the relief it sought through this action, including compensatory damages, exemplary damages, rescission of the RSPA, and injunctive relief.  Thalamus is therefore the prevailing party an entitled to costs under Rule 54.

### 1) The Costs Sought By Thalamus Are Authorized

Thalamus is entitled to costs in the amount of $35,243.00, as set forth in its Amended Itemized Costs.  Authority for each of the numbered items requested in the Amended Itemized Costs is set forth below.

### (1) 08/07/2020 Filing fee for complaint ($400.00)

Initial filing fees are taxable under 28 USC §§ 1920(1) as fees paid to the clerk.  *See Madden v. Just Believe Recovery Ctr*., LLC, 391 F. Supp. 3d 1121,

1127–28 (S.D. Fla. 2019) (permitting $400 filing fee as taxable costs).

**(2)     08/31/2020 Filing fee for pro hac vice admissions ($300.00)**

*Pro hac vice* admission fees are taxable under 28 USC §§ 1920(1) as fees paid to the clerk.  *See United States ex rel. Saldivar v. Fresenius Med. Care Holdings, Inc.*, 291 F. Supp. 3d 1345, 1350 (N.D. Ga. 2017) (approving $450 in *pro hac vice* admissions fees for three attorneys as taxable costs).

**(3)     08/25/2020 Subpoena fees for service on Google LLC ($30.00)**

Service by a private process server is recoverable under 28 USC §§ 1920(1) and case law.  *See Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328 (S.D. Fla. 2009) (affirming award of private processor fee for service of a subpoena); *see also Madden v. Just Believe Recovery Ctr.*, LLC, 391 F. Supp. 3d at 1127–28 (awarding process server fees).

**(4)     08/25/2020 Subpoena fees for service on Github, Inc. ($128.00)**

Service by a private process server is recoverable under 28 USC §§ 1920(1) and case law.  *See Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328 (S.D. Fla. 2009) (affirming award of private processor fee for service of a subpoena); *see also Madden v. Just Believe Recovery Ctr.*, LLC, 391 F. Supp. 3d at 1127–28 (awarding process server fees).

**(5)     10/20/2020 Subpoena fees for service on Apple Computer, Inc. ($65.00)**

Service by a private process server is recoverable under 28 USC §§

1920(1) and case law.  *See Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328 (S.D. Fla. 2009) (affirming award of private processor fee for service of a subpoena); *see also Madden v. Just Believe Recovery Ctr.*, LLC, 391 F. Supp. 3d at 1127–28 (awarding process server fees).

    **(6)**   **04/07/2021 Cyber Centaurs (court appointed expert fees) ($10,695.00)**

       Taxation of court-appointed expert fees is authorized by 28 USC §§ 1920(6) and case law.  *See Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 463 (11th Cir. 1996) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987), and acknowledging that the statute allows the taxation, as costs, of court-appointed expert witnesses, without setting a limit on such fees). Here, Ramin Mapp of Cyber Centaurs was appointed by the Court as a technical expert.  See Docket #68 Order Appointing Technical Expert (appointing Mapp as technical expert to replace the Court's prior technical expert, Doug Rehman).

    **(7)**   **07/08/2021 Cyber Centaurs (court appointed expert fees) ($10,725.00)**

       Taxation of court-appointed expert fees is authorized by 28 USC §§ 1920(6) and case law.  *See Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 463 (11th Cir. 1996) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987), and acknowledging that the statute allows the taxation, as costs, of court-appointed expert witnesses, without setting a limit on such fees).

Here, Ramin Mapp of Cyber Centaurs was appointed by the Court as a technical expert. See Docket #68 Order Appointing Technical Expert (appointing Mapp as technical expert to replace the Court's prior technical expert, Doug Rehman).

**(8)   08/28/2020 D. Douglas Rehman (court appointed expert fees) ($12,900.00)**

Taxation of court-appointed expert fees is authorized by 28 USC §§ 1920(6) and case law. *See Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 463 (11th Cir. 1996) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987), and acknowledging that the statute allows the taxation, as costs, of court-appointed expert witnesses, without setting a limit on such fees). Here, Douglas Rehman was appointed by the Court as a technical expert. See Docket #68 Order Appointing Technical Expert (replacing the Court's prior technical expert, Doug Rehman, with Ramin Mapp).

## D.   Conclusion

Based on the foregoing, the Court should grant this Motion and award Thalamus its attorney's fees in the amount of $264,091.25 and costs in the amount of $35,243.00.

Respectfully submitted this October 28, 2022.

*/s/ Ryan T. Santurri*
Ryan T. Santurri
Florida Bar. No. 15698
E-Mail: rsanturri@allendyer.com
ALLEN, DYER, DOPPELT
& GILCHRIST, P.A.
255 S. Orange Ave., Suite 1401
Orlando, Florida 32801
Telephone: (407) 841-2330
Facsimile:  (407) 841-2343

Robert Thornburg
Florida Bar No. 630829
E-Mail: rthornburg@allendyer.com
Stephanie Vazquez
Florida Bar No. 101124
E-Mail: svazquez@allendyer.com
ALLEN, DYER, DOPPELT
& GILCHRIST, P.A.
1221 Brickell Ave., Suite 2400
Miami, Florida 33131
Telephone: (305) 374-8303
Facsimile:  (305) 374-8306

-and-

Dhaivat H. Shah
(*admitted pro hac vice*)
Email: ds@grellas.com
David I. Siegel
(*admitted pro hac vice*)
Email: dsiegel@grellas.com
GRELLAS SHAH LLP
20400 Stevens Creek Blvd.
Suite 280
Cupertino, CA 95014
Telephone: (408) 255-6310
Facsimile: (408) 255-6350

*Attorneys for Plaintiff*
*SJ MEDCONNECT, INC.*
*D/B/A THALAMUS*

13

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 28, 2022, I electronically filed the foregoing using the Case Management/Electronic Case Filing ("CM/ECF") system. I further certify that a copy of the foregoing was furnished by U.S. First Class Mail, postage prepaid, to the following non-CM/ECF participants:

Daniel Boice
#73715-018
FCI Butner Low
Old NC HWY 75
Butner, NC 27509

*/s/ Ryan T. Santurri*
Ryan T. Santurri,
Florida Bar. No. 15698
E-Mail: rsanturri@allendyer.com