UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SJ MEDCONNECT, INC., etc.,

    Plaintiff,

v.                                        CASE NO. 3:20-cv-903-MMH-JBT

DANIEL BOICE,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Supplemental Motion for Attorneys' Fees and Renewed Requests for Costs ("Motion") (Doc. 96). For the reasons stated herein, the Motion will be **DENIED without prejudice**. Plaintiff may file a new motion in compliance with this Order **on or before December 30, 2022**.

The Motion is due to be denied without prejudice because it fails to fully comply with Local Rule 7.01(c) and controlling Eleventh Circuit case law. The Local Rule states in relevant part:

> [T]he party claiming fees and expenses must file a supplemental motion that:
> . . .
> (4) includes for any disputed rate or hour:[1]

---

[1] Given the Court's duty to award only reasonable fees and taxable costs, it considers the fees and costs requests disputed.

> (A) the timekeeper's identity, experience, and qualification;
>
> (B) the timekeeper's requested hours;
>
> (C) each task by the timekeeper during those hours;
>
> (D) the timekeeper's requested rate;
>
> (E) lead counsel's verification that counsel charges the rate requested, has reviewed each task, and has removed each charge for a task that is excessive, duplicative, clerical, or otherwise unreasonable;
>
> (F) evidence showing the reasonableness of the rates based on the prevailing market rate in the division in which the action is filed for similar services by a lawyer of comparable skill, experience, and reputation;
>
> (5) includes for a disputed non-taxable expense:[2]
>
> > (A) a receipt for, or other evidence of, the expense and
> >
> > (B) lead counsel's verification that counsel incurred the expense.

M.D. Fla. Loc. R. 7.01(c).

In short, the Motion does not adequately comply with subparagraphs (4)(B), (4)(E), (4)(F), and (5)(B). The Motion first fails to comply with Local Rule 7.01(c)(4)(B) because it does not include a summary of each timekeeper's requested hours. Instead, Plaintiff attaches to the Motion voluminous, largely redacted individual time record entries. (*See* Docs. 96-1 & 96-2.) These records

---

[2] Even though the expenses claimed are taxable, the Court will still require the verification identified in subparagraph (5)(B).

2

alone are insufficient because the Court is unable to readily discern the total number of hours spent by each attorney on this case. Therefore, in its renewed motion, Plaintiff should remove the redacted portions of the records and provide the Court with a summary of the total hours spent by each attorney, and on the case as a whole. Plaintiff should not burden the Court with having to parse through voluminous redacted bills and add up numerous time entries for multiple attorneys.

Next, the Motion fails to include the verifications required by Local Rule 7.01(c)(4)(E) and (c)(5)(B). Any renewed motion must include these verifications. In addition, the Motion should explain why six attorneys were needed on the case and why the fee requested is not excessive, duplicative, or otherwise unreasonable.

The Motion also fails to comply with Local Rule 7.01(c)(4)(F) and controlling case law on the reasonableness of Plaintiff's attorneys' requested hourly rates. The Local Rule states that a motion on fee amount must include "evidence showing the reasonableness of the rates based on the prevailing market rate in the division in which the action is filed for similar services by a lawyer of comparable skill, experience, and reputation." M.D. Fla. Loc. R. 7.01(c)(4)(F). This is consistent with controlling Eleventh Circuit case law, which provides that "[a] reasonable hourly rate is *the prevailing market rate in the relevant legal community* for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir.

3

1988) (emphasis added). "The general rule is that *the 'relevant market'* for purposes of determining the reasonable hourly rate for an attorney's services *is 'the place where the case is filed.'*" *Am. Civ. Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999) (quoting *Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994) (emphasis added)). "[S]atisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits." *Norman*, 836 F.2d at 1299.

In the Motion, Plaintiff's attorneys request hourly rates ranging from $350.00 to $750.00 per hour based on the attorney's years of experience. (Doc. 96 at 7–8.) In general, these rates appear to be significantly in excess of reasonable Jacksonville rates for this type of case. Further, Plaintiff has provided inadequate support for these rates.

Plaintiff contends that the reasonableness of the requested rates is supported by the Fitzpatrick Matrix (Doc. 96 at 7), which is used to "assist with resolving requests for attorney's fees in complex civil cases in District of Columbia federal courts handled by the Civil Division of the United States Attorney's Office for the District of Columbia." The Fitzpatrick Matrix (2021), at n.1 https://www.justice.gov/usao-dc/page/file/1189846/download. The undersigned does not find the matrix to be persuasive in this case, especially considering that "[t]he matrix has not been adopted by the Department of Justice generally for use outside the District of Columbia, nor has it been adopted by other Department of

Justice components." *Id.* Moreover, Plaintiff has not cited any case law, in this District or elsewhere, to support its use of the matrix, and it appears that no such case law exists. In short, the matrix, even somehow discounted for locality, falls far short of sustaining Plaintiff's burden to show reasonable rates for this type of case in the Jacksonville Division.

Thus, any renewed motion should request hourly rates consistent with the prevailing market rates for comparable attorneys in similar cases in the Jacksonville Division of the Middle District of Florida. *See, e.g., Backjoy Orthotics, LLC v. Forvic Int'l Inc.*, No. 6:14-cv-249-Orl-41TBS, 2017 WL 3037497, at *5–8 (M.D. Fla. June 12, 2017), *report and recommendation adopted* 2017 WL 3022712 (applying the lodestar approach to reduce both the requested number of hours and the hourly rates, consistent with reasonable rates and hours spent on trademark infringement litigation in the Orlando Division of the Middle District of Florida). Plaintiff must also provide sufficient support for the requested rates, including citing to analogous cases in the Jacksonville Division awarding or approving similar rates in similar cases, or other sufficient evidence of "rates actually billed and paid in similar lawsuits" in this division. *Norman*, 836 F.2d at 1299.

Accordingly, it is **ORDERED**:

The Motion (**Doc. 96**) is **DENIED without prejudice**. Plaintiff may file a renewed motion in compliance with this Order **on or before December 30, 2022**.

**DONE AND ORDERED** in Jacksonville, Florida, on November 30, 2022.

JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record
Pro Se Parties