UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SJ MEDCONNECT, INC., etc.,

    Plaintiff,

v.                                          CASE NO. 3:20-cv-903-MMH-JBT

DANIEL BOICE,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the undersigned on Plaintiff's Second Supplemental Motion for Attorneys' Fees and Renewed Requests for Costs ("Motion") (Doc. 99). For the reasons stated herein, the undersigned respectfully **RECOMMENDS** that the Motion be **GRANTED** to the extent stated herein, and that a judgment for attorneys' fees and costs be entered in favor of Plaintiff and against Defendant in the total amount of $223,413.00, which represents $188,470.00 in attorneys' fees and $34,943.00 in costs.[1]

---

[1] The undersigned recommends that the Motion be granted except to the extent that Plaintiff requests the recovery of $300.00 in pro hac vice admission fees. *See, e.g., Davis v. Comm'r of Soc. Sec.*, No. 6:19-cv-1082-Orl-18GJK, 2020 WL 1905210, at *1 (M.D. Fla. Mar. 27, 2020) (collecting cases) (report and recommendation adopted by 2020 WL 1904037) ("*Pro hac vice* fees are counsel's expense, not the client's, and are therefore not recoverable under 28 U.S.C. § 1920(1) as fees of the clerk.") (internal quotation marks omitted).

I.     **Background**

Plaintiff obtained a default judgment against Defendant on the following causes of action: Count One, Violation of the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836; Count Two, Violation of Florida's Uniform Trade Secrets Act ("FUTSA"), Fla. Stat. § 688.001 *et seq.*; Count Five, Breach of Contract; Count Six, Rescission; Count Seven, Fraud; and Count Eight, Breach of Duty of Loyalty.[2] (Doc. 88 at 1–2; Docs. 89 & 90.)  Judgment was entered in favor of Plaintiff and against Defendant in the total amount of $283,548.09, representing $232,500.09 in compensatory damages and $51,048.00 in exemplary damages, with post-judgment interest set to accrue the statutory rate set forth in 28 U.S.C. § 1961. (Doc. 90.)

Initially, the undersigned deferred ruling on Plaintiff's Motion for Attorneys' Fees and Costs (Doc. 91) regarding the issue of entitlement to attorneys' fees and denied that motion without prejudice as to costs.  (*See* Doc. 95.)  Then, Plaintiff filed its Supplemental Motion for Attorneys' Fees and Renewed Requests for Costs (Doc. 96), which the undersigned denied without prejudice for failure to fully comply with Local Rule 7.01(c).  (Doc. 98.)  Regarding that motion, the undersigned's prior Order stated that the motion did not "adequately comply with [Local Rule 7.01(c)] subparagraphs (4)(B), (4)(E), (4)(F), and (5)(B)" because it did not "include a

---

[2] Counts Three and Four of the Complaint were dismissed without prejudice.  (Doc. 94.)

summary of each timekeeper's requested hours," failed "to include the verifications required by Local Rule 7.01(c)(4)(E) and (c)(5)(B)," and did not "include evidence showing the reasonableness of the rates based on the prevailing market rate in the division in which the action is filed for similar services by a lawyer of comparable skill, experience, and reputation" in accordance with Local Rule 7.01(c)(4)(F) and controlling Eleventh Circuit case law. (*Id.* at 2–3) (citations and quotation marks omitted). The undersigned is satisfied that the instant Motion sufficiently addresses all of the deficiencies described in the prior Orders.

## II.   Standard

"The starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. The product of these two figures is the lodestar and there is a strong presumption that the lodestar is the reasonable sum the attorneys deserve." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). "Because the lodestar is presumed to be sufficient, a multiplier will be appropriate only in 'rare and exceptional' cases." *In re Home Depot Inc.*, 931 F.3d 1065, 1082 (11th Cir. 2019).

In determining reasonable hourly rates, the Court considers "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *See Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988). "The general rule is

3

that the relevant market for purposes of determining the reasonable hourly rate for an attorney's services is the place where the case is filed." *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999) (quotations omitted). "[S]atisfactory evidence [of such] necessarily must speak to rates actually billed and paid in similar lawsuits." *Norman*, 836 F.2d at 1299.

"[T]he computation of a fee award is necessarily an exercise of judgment, because [t]here is no precise rule or formula for making these determinations." *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001) (quotations omitted). The Eleventh Circuit "review[s] the award of attorneys' fees for abuse of discretion, reviewing questions of law *de novo* and reviewing findings of fact for clear error." *Bivins*, 548 F.3d at 1351.

### III.   Analysis

Local Rule 7.01 governs the Middle District's bifurcated procedure for moving for attorneys' fees and expenses. The undersigned previously ordered Plaintiff to combine its motion for fee entitlement pursuant to Local Rule 7.01(b) with its supplemental motion on amount pursuant to Local Rule 7.01(c). (Doc. 95 at 3.) Accordingly, Plaintiff's entitlement to fees and the amount of fees and costs to be awarded are both at issue.

#### A.   Entitlement to Fees

First, the undersigned recommends that Plaintiff is entitled to attorneys' fees under both DTSA and FUTSA. DTSA provides in relevant part:

4

> (3) Remedies. In a civil action brought under this subsection with respect to the misappropriation of a trade secret, a court may--
>  . . .
>> (D) if . . . the trade secret was willfully and maliciously misappropriated, award reasonable attorney's fees to the prevailing party.

18 U.S.C. § 1836(b)(3)(D).  Similarly, FUTSA provides that "[i]f . . . willful and malicious misappropriation exists, the court may award reasonable attorney's fees to the prevailing party."  Fla. Stat. § 688.005.

Here, the Court adopted the undersigned's recommendation that Plaintiff was entitled to default judgment on Counts One and Two of the Complaint (Doc. 39) for Defendant's alleged violations of DTSA and FUTSA, and judgment was subsequently entered.  (Doc. 88 at 5–6; Docs. 89 & 90.)  Therefore, the undersigned recommends that Plaintiff is a "prevailing party" within the meaning of both DTSA and FUTSA.  The Court also adopted the undersigned's recommendation that Plaintiff "set forth factual allegations of willful or malicious misappropriation, or allegations that create a reasonable inference of such" within the meaning of DTSA and FUTSA.  (Doc. 88 at 12; Doc. 89.)  Further, there appears to be no reason to deny fees.  Therefore, the undersigned recommends that Plaintiff is entitled to the discretionary award of attorneys' fees pursuant to DTSA and FUTSA.  See 18 U.S.C. § 1836(b)(3)(D); Fla. Stat. § 688.005.

### B.     Amount of Fees

The undersigned recommends that Plaintiff's request for attorneys' fees in the amount of $188,470.00 is reasonable and, therefore, should be granted. In support of the Motion, Plaintiff's counsel has submitted billing records from both law firms representing Plaintiff and counsel's affidavits in support thereof. (Docs. 99-1 & 96-2.) As previously noted, and as the Eleventh Circuit stated in *Bivins*, "[t]he starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  548 F.3d at 1350 (quotation marks omitted).

Regarding reasonable hourly rates, the undersigned previously denied without prejudice Plaintiff's request for attorneys' fees in the amount of $264,091.25 (*see* Doc. 96), in part because "Plaintiff's attorneys['] request[ed] hourly rates ranging from $350.00 to $750.00 per hour," which "appear[ed] to be significantly in excess of reasonable Jacksonville rates for this type of case." (Doc. 98 at 4–5.) Moreover, Plaintiff provided inadequate support for such rates. (*See id.*) Plaintiff now proposes significantly lower rates and has provided satisfactory evidence to support that the requested rates are reasonable for the Jacksonville Division.

In the Motion, Plaintiff represents that the following hourly rates are reasonable based on a review of similar cases in the Jacksonville Division:

| Timekeeper | Position | Rate |
|---|---|---|
| Dhaivat Shah | Partner | $ 425.00 |
| David Siegel | Partner | $ 425.00 |
| Chris Civil | Junior Associate | $ 200.00 |
| Joseph Guzzetta | Senior Associate | $ 300.00 |
| Mark Grayson | Junior Associate | $ 200.00 |
| Erin Adrian | Senior Associate | $ 300.00 |
| Robert Thornburg | Partner | $ 425.00 |
| Ryan Santurri | Partner | $ 425.00 |
| Mary Leavey | Paralegal | $ 125.00 |

(Doc. 99 at 12.)  A review of similar cases litigated in the Jacksonville Division by attorneys with similar levels of experience reveals that the above rates appear reasonable for the attorney work done in this case.[3]  *See, e.g., Dubay v. King*, No. 3:17-cv-348-J-20MCR, 2021 WL 7209882, at *7 (M.D. Fla. Jan. 21, 2021) (finding that rates of $440 per hour for partners and $325 per hour for associate attorneys were reasonable and consistent with rates charged in Jacksonville for copyright cases); *Cableview Commc'ns of Jacksonville, Inc. v. Time Warner Cable Southeast, LLC*, No. 3:13-cv-306-J-JRK, 2019 WL 9078645, at *3 (M.D. Fla. Feb. 15, 2019) (finding that rates of $450 per hour in 2017 for an experienced partner and $285 per hour for a mid-level associate were reasonable for work done on a complex commercial litigation case in Jacksonville).  Also, a review of the affidavits reveals that Plaintiff's attorneys' requested hourly rates are commensurate with

---

[3] However, since this case is in a default judgment posture, no contrary evidence or argument has been presented in opposition.  Thus, this case should not be viewed as precedent in a case in which the rates are contested.

7

each of their experience levels.  (*See* Doc. 99-1 at 1–8; Doc. 96-2 at 1–5.) Therefore, the undersigned recommends that Plaintiffs' attorneys' requested hourly rates are reasonable.

Reasonable hours expended are those that are not "excessive, redundant or otherwise unnecessary" and that reflect the attorney's "billing judgment."  *See Norman*, 836 F.2d at 1301 (quotations omitted).  Upon review, the undersigned recommends that the hours expended by Plaintiff's attorneys in prosecuting this action, which total 572.8, while arguably high, do not appear unreasonable.[4]  (*See* Doc. 99 at 12, 14; *see also* Doc. 99-1.)  Many of these hours were spent at the outset of this litigation on tasks necessary to commence the action and successfully obtain the Preliminary Injunction Order (Doc. 33), the sealed Ex Parte Seizure and Evidence Preservation Order (Doc. 10), and subsequent modifications to the latter order (Docs. 38, 46, & 80).  (*See* Doc. 99-1 at 13–62.) Those tasks often involved extensive conferral with the court-appointed technical experts and between counsel, in addition to significant research, drafting, and preparation for hearings.  (*See id.*)  Much of the remainder of the time spent was on tasks necessary to successfully obtain a default judgment and conclude the case, which was lengthened by the filing of Defendant's Motion for Summary Dismissal (Doc. 81).  (*See* Doc. 99-1 at 13–62.)  In short, the undersigned

---

[4] The undersigned again notes that no argument or evidence has been presented in opposition.

recommends that the attorney hours do not appear "excessive, redundant or otherwise unnecessary."[5]  *Norman*, 836 F.2d at 1301 (quotation marks omitted).

Additionally, Plaintiff requests $3,400.00 for 27.2 hours of work performed by a paralegal at a rate of $125.00 per hour.  (Doc. 99 at 12, 14.)  "Paralegal fees can be recovered only to the extent that the paralegal performs work traditionally done by an attorney, which includes factual investigation . . . and drafting correspondence."  *Williams v. R.W. Cannon, Inc.*, 657 F. Supp. 2d 1302, 1310 (S.D. Fla. 2009) (citations and quotations omitted).  The undersigned recommends that the 27.2 hours of paralegal time, which was spent "communicating with California counsel; calendaring and tracking deadlines; advising on local rules, practices, and procedures for filing; preparing exhibits; gathering materials for expert review; finalizing and filing pleadings throughout the case; and coordinating service of documents," is recoverable.  (Doc. 99-1 at 8–9.)  Moreover, the undersigned recommends that the requested rate of $125.00 per hour is reasonable.  *See, e.g., Cableview*, 2019 WL 9078645, at *3 (finding that $125 per hour was a reasonable paralegal rate in this division); (*see also* Doc. 96-2 at 4.)

Based on the foregoing, the undersigned recommends that Plaintiff be awarded its requested $188,470.00 in attorneys' fees.

---

[5] Moreover, the undersigned does not recommend any reduction in fees for time spent on the counts that were dismissed without prejudice, or on the non-attorney-fee counts, since those claims were interrelated with the successful claims.  *See Norman*, 836 F.2d at 1302 ("Finally, in determining reasonable hours the district court must deduct time spent on discrete and unsuccessful claims.")

9

### C. Costs

Finally, Plaintiff seeks to recover costs in the amount of $35,243.00 pursuant to Federal Rule of Civil Procedure 54(d)(1). (*See* Doc. 99 at 14–18.) Rule 54(d)(1) provides in pertinent part that costs, other than attorney's fees, "should be allowed to the prevailing party." *See* Fed. R. Civ. P. 54(d)(1). However, "a court may only tax costs as authorized by statute." *EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (citation omitted). Thus, a court may not award costs under Rule 54 "in excess of those permitted by Congress under 28 U.S.C. § 1920." *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002) (citation omitted).

> Section 1920 allows taxation of the following costs:
>
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under [28 U.S.C. § 1923]; [and]
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under [28 U.S.C. § 1828].

28 U.S.C. § 1920.

Plaintiff seeks to recover the following costs: the $400.00 filing fee for commencing this action, which is recoverable under subsection (1) above; $300.00

in special admission fees, which are not recoverable, see *Davis*, 2020 WL 1905210, at *1; $223.00 in subpoena fees for service on Google LLC, Github, Inc., and Apple Computer, Inc., which are recoverable under subsection (1) above; and $34,320.00 in court-appointed expert fees, which are recoverable under subsection (6) above. (Doc. 99 at 15–18.) Therefore, the undersigned recommends that Plaintiff be awarded $34,943.00 in costs pursuant to Federal Rule of Civil Procedure 54(d)(1).

### IV. Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (**Doc. 99**) be **GRANTED** to the extent stated herein.

2. The Clerk of Court be directed to enter a judgment for attorneys' fees and costs in favor of Plaintiff SJ Medconnect, Inc., c/o Grellas Shah LLP, 20400 Stevens Creek Blvd., Suite 280, Cupertino, California 95014, and against Defendant Daniel Boice, #73715-018 FCI Butner Low, Old NC Hwy 75, Butner, North Carolina 27509, in the total amount of $223,413.00, which represents $188,470.00 in attorneys' fees and $34,943.00 in costs. Post-judgment interest will accrue at the statutory rate set forth in 28 U.S.C. § 1961.

### Notice to Parties

"Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may

respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**DONE AND ENTERED** in Jacksonville, Florida, on February 14, 2023.

JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record
*Pro se* Parties